UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| ROBERT MEDINA, | ) | |
| Petitioner, | ) ) | Civil No. 0:21-cv-00045-GFVT |
| v. | ) ) ) | |
| D. LEMASTERS, | ) ) | **MEMORANDUM OPINION & ORDER** |
| Respondent. | ) | |

*** *** *** ***

Petitioner Robert Medina is an inmate at the Federal Correctional Institution ("FCI")–Ashland, in Ashland, Kentucky. Proceeding without an attorney, Mr. Medina has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from his sentence [R. 9] and has paid the $5.00 filing fee. [R. 7.] This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

In July 2014, Mr. Medina was convicted by a jury in the United States District Court for the Southern District of New York of one count of conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(b)(1)(D), 846 (Count One) and one count of using and carrying a firearm in connection with a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two). In February 2015, Medina was sentenced to terms of imprisonment of 49 months on Count One and 84 months on Count Two, with the terms to run consecutively, for a total term of imprisonment of 133 months. *United States v. Medina*, No.

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

1:13-cr-272-PGG-1 (S.D.N.Y. 2013). Mr. Medina's conviction and sentence were affirmed on appeal to the United States Court of Appeals for the Second Circuit. *Id*. at R. 306.

In February 2018, Mr. Medina filed a motion to alter, amend, or vacate sentence pursuant to 28 U.S.C. § 2255. Mr. Medina's initial § 2255 motion was denied in October 2020. *Id*. at R. 329, 371. In June 2021, Mr. Medina filed a second or successive motion to vacate, set aside, or correct judgment pursuant to 28 U.S.C. § 2255(f)(4) in the Court that sentenced him. In his second or successive § 2255 motion, Mr. Medina claims that New York Governor Andrew M. Cuomo has signed new legislation that creates automatic expungement or resentencing for anyone with previous marijuana convictions based on conduct that is no longer illegal. *Id*. at R. 372. According to Mr. Medina, he is entitled to be resentenced because this new legislation automatically expunges Mr. Medina's 2006 and 2010 New York convictions for possession of marijuana, for which he was assessed two additional criminal history points for purposes of his sentencing guideline calculations for his federal charges. *Id*.

Because Mr. Medina failed to seek authorization from the Second Circuit Court of Appeals prior to filing his second or successive § 2255 motion, the District Court transferred the motion to the Second Circuit. *Id*. at R. 373. According to the Second Circuit's docket, Mr. Medina was sent instructional forms regarding how to file an application for permission to file a second or successive § 2255 motion on or around June 25, 2021, but these forms have not yet been returned by Mr. Medina. *Medina v. United States*, No. 21-1547 (2nd Cir. June 24, 2021 Notice). Regardless, the matter remains pending with the Second Circuit.

Shortly before filing his second or successive § 2255 motion in the Southern District of New York, Mr. Medina filed a petition for a writ of habeas corpus pursuant to § 2241 in this Court. In his § 2241 petition, Mr. Medina also argues that the recently-enacted New York

legislation decriminalizing and legalizing the possession of marijuana disqualifies his prior offenses for purposes of his criminal history calculation, as the new legislation automatically expunged his prior offenses. [R. 9.] However, because Mr. Medina's second or successive § 2255 motion remains pending, he cannot show that a motion under § 2255 is inadequate or ineffective to test his conviction or sentence. Thus, he does not satisfy the requirements of the "savings clause" of § 2255(e) and, accordingly, the Court must dismiss Mr. Medina's § 2241 petition for lack of subject-matter jurisdiction. *See Taylor v. Owens*, 990 F.3d 493 (6th Cir. 2021).

While 28 U.S.C. § 2241 "grants federal courts the authority to issue writs of habeas corpus to prisoners whose custody violates federal law," *Taylor*, 990 F.3d at 495, Section 2441's applicability is severely restricted by 28 U.S.C. § 2255. *Id*. "[S]ection 2241 typically facilitates only challenges to 'the execution or manner in which the sentence is served' – those things occurring within the prison." *Id*. (quoting *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (per curiam)). For this reason, a petition for a writ of habeas corpus filed pursuant to § 2241 must be filed in the judicial district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (because the only proper respondent to a habeas petition is the petitioner's custodian at the time of filing, it must be filed in the district court where the prisoner is incarcerated).

In contrast, "section 2255 now serves as the primary means for a federal prisoner to challenge his conviction or sentence – those things that were ordered in the sentencing court." *Taylor*, 990 F.3d at 495. Thus, a federal prisoner generally may not use a § 2241 petition to challenge his conviction or the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Id*. (explaining the distinction between a

§ 2255 motion and a § 2241 petition). A motion to vacate, set aside, or correct a sentence pursuant to § 2255 is filed in the sentencing court, "which…possess[es] greater knowledge (and records) of the case." *Taylor*, 990 F.3d at 495.

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to the prohibition against challenging a conviction or sentence in a § 2241 petition, allowing such a petition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773–74 (6th Cir. 2004). However, a motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). Rather, to properly invoke the savings clause, the petitioner must assert a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307–08 (6th Cir. 2012), or establishing that—as a matter of statutory interpretation—a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599–600 (6th Cir. 2016).

However, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019). Because the savings clause of § 2255(e) is a jurisdictional bar that a petitioner must clear prior to bringing a challenge to his conviction or sentence in a § 2241 proceeding, the failure to do so mandates

dismissal of the § 2241 petition for lack of subject-matter jurisdiction. *Taylor*, 990 F.3d at 499–500 ("Unless [the petitioner] proves that a section 2255 motion is inadequate or ineffective to challenge his sentence, no court may entertain his application for a writ of habeas corpus under section 2241.").

Here, Mr. Medina's request to file a second or successive §2255 petition challenging his sentence on the grounds that his prior state offenses have been "automatically expunged"—the exact issue presented in his § 2241 petition—is presently pending before the Second Circuit Court of Appeals, rendering resort to a § 2241 petition to obtain the same measure of relief in this Court inappropriate. *See Pullen v. Ormond*, No. 18-6171 (6th Cir. Sept. 5, 2019) (petitioner could not make a colorable argument that his remedy under § 2255 was "inadequate or ineffective" for purposes of filing a § 2241 petition when a pending § 2255 motion may render his claims in his § 2241 petition moot). *See also Smith v. United States*, 89 F.3d 835 (6th Cir. 1996) (unpublished disposition). Put another way, Mr. Medina cannot establish that he has had "no prior reasonable opportunity to bring his argument for relief" as required by *Wright* because he is currently pursuing his claim in his request to file a second or successive § 2255 motion pending in the Second Circuit Court of Appeals. Thus, he may not raise his claim in a § 2241 petition via the savings clause of § 2255(e). *Id*. at 706. Because Mr. Medina fails to establish that a § 2255 motion is inadequate or ineffective to challenge his sentence, this Court may not entertain his § 2241 petition and must dismiss it for lack of subject-matter jurisdiction. *See Taylor*, 990 F.3d at 496.

For all of these reasons, the Court hereby **ORDERS** as follows:

1. Mr. Medina's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 **[R. 9]** is **DISMISSED** for lack of subject-matter jurisdiction;

2. Mr. Medina's Motion for Relief Under 28 U.S.C. § 2241 or, in the alternative, Motion to Transfer Pleadings **[R. 10]** is **DENIED AS MOOT**;

3. This action is **STRICKEN** from the Court's docket; and

4. A corresponding Judgment will be entered this date.

This the 29th day of July, 2021.

Gregory F. Van Tatenhove
United States District Judge